# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE UNDERWOOD,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>HECTOR RIOS,<br><br>　　　　Respondent. | Case No. 1:12-cv-00646-SAB-HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR RELIEF<br><br>(ECF No. 23) |

Petitioner is a federal prisoner who proceeded pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). On September 25, 2012, the Court denied the petition and entered judgment. (ECF Nos. 17, 18). On May 23, 2016, Petitioner filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(3). (ECF No. 23). The undersigned was recently assigned to this matter, and the parties previously consented to the jurisdiction of the United States magistrate judge. (ECF Nos. 5, 9).

Rule 60(b) of the Federal Rules of Civil Procedure provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

　　(1) mistake, inadvertence, surprise, or excusable neglect;

　　(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

　　(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

　　(4) the judgment is void;

1

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60 further proscribes that a "motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order of the date of the proceeding." Fed. R. Civ. P. 60(c).

Here, Petitioner filed a motion for relief from judgment pursuant to Rule 60(b)(3). (ECF No. 23). Therefore, the motion must have been made no more than a year after the entry of judgment. Petitioner filed his Rule 60(b)(3) motion on May 23, 2016, almost three years and eight months after judgment was entered on September 25, 2012. Accordingly, Petitioner is not entitled to relief pursuant to Rule 60(b)(3).

However, Rule 60(d)(3) provides that "[t]his rule does not limit a court's power to . . . set aside a judgment for fraud *on the court*." Fed. R. Civ. P. 60(d)(3) (emphasis added). "Therefore, relief based on fraud on the court is not subject to the one-year time limit" set forth in Rule 60(c). United States v. Sierra Pac. Indus., Inc., 862 F.3d 1157, 1167 (9th Cir. 2017), cert. denied, 138 S. Ct. 2675 (2018). "[R]elief from judgment for fraud on the court is 'available only to prevent a grave miscarriage of justice.'" Id. (quoting United States v. Beggerly, 524 U.S. 38, 47 (1998)).

Petitioner argues that the judgment should be set aside based on "newly found discovery of essential records and documents . . . that sustain foul play constructed in defendant's presentation before this Court." (ECF No. 23 at 1).[1] Specifically, Petitioner alleges that Respondent withheld the fact that the Regional Director of the Mid-Atlantic Regional Office did not order a Disciplinary Hearing Officer to hear Petitioner's appeal until June 1, 2011, approximately nineteen days after a hearing regarding incident report 2123339 and unauthorized sanctions were imposed on May 12, 2011, in violation of due process. (ECF No. 23 at 2). In support, Petitioner has attached as Petitioner's Exhibit No. 1 a copy of a Regional Administrative Remedy Appeal Part B – Response for Remedy ID No. 627461-R1, which appears to have been

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

signed for the Regional Director of the Mid-Atlantic Region on June 1, 2011. (ECF No. 23 at 11).

The Court notes that a copy of a Regional Administrative Remedy Appeal Part B – Response for Remedy ID No. 627461-R1 was included as Exhibit D in Petitioner's petition for writ of habeas corpus. (ECF No. 1 at 20). In fact, in the answer Respondent cited to Petitioner's Exhibit D to support the statement that "Petitioner appealed the findings of the UDC, and upon review by the BOP's Regional Director of the Mid-Atlantic Regional Office, a rehearing was ordered to be conducted by the DHO." (ECF No. 13 at 4). Therefore, there was no fraud on the Court as the pertinent document was in the record before the Court when it ruled on the petition.[2] See Sierra Pac. Indus., 862 F.3d at 1168 ("Fraud on the court must be an 'intentional, material misrepresentation[]' . . . [and] 'must involve an unconscionable plan or schedule which is designed to improperly influence the court in its decision.'" (first quoting In re Napster, Inc. Copyright Litig., 479 F.3d 1078, 1097 (9th Cir. 2007); then quoting Pumphrey v. K.W. Thompson Tool Co., 62 F.3d 1128, 1131 (9th Cir. 1995))). Accordingly, Petitioner is not entitled to relief pursuant to Rule 60(d)(3).

Based on the foregoing, IT IS HEREBY ORDERED that Petitioner's motion for relief (ECF No. 23) is DENIED.

IT IS SO ORDERED.

Dated: **October 22, 2018**

UNITED STATES MAGISTRATE JUDGE

---

[2] The Court also notes that misrepresentation, if any, regarding the timing of the Regional Director of the Mid-Atlantic Regional Office's review would not have affected the outcome of the habeas proceeding because adherence to the timelines and procedures established by the Federal Bureau of Prisons is not required to satisfy constitutional due process. See Sierra Pac. Indus., 862 F.3d at 1168 ("[T]he relevant misrepresentations must go 'to the central issue in the case,' and must affect the outcome of the case.'" (quoting United States v. Stonehill, 660 F.3d 415, 452, 448 (9th Cir. 2011))); Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994) (holding that due process does not require a prison "to comply with its own, more generous procedures"), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

3